## Philadelphia v. Masonic Home of Pennsylvania, Appellant.

*Taxation—Charity—Exemption—Masonic Home.*

Where an institution has been adjudged in 1894 as not a purely public charity exempt from taxation, a change in the by-laws made in 1899, will not relieve it from the judgment of taxes assessed against it for the year 1894.

Argued March 12, 1907. Appeal, No. 219, Oct. T., 1906, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1895, No. 1,454, M. L. D., on verdict for plaintiff in case of City of Philadelphia v. Masonic Home of Pennsylvania. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Scire facias sur tax lien. Before McMICHEAL, J. See 160 Pa. 572.

At the trial it appeared the taxes in question were for the year 1894. In 1899 the by-laws of the home relating to admission were changed so as to read as follows :

" Sec. 1. The Masonic Home shall have for its object, to provide and maintain a home for indigent, afflicted or aged free masons, and for the destitute widows and orphans of free masons in the state of Pennsylvania, and for such others as may be placed under its charge.

" Sec. 44. . . . Admission shall always be made in the following order :

" 1. Members of Masonic bodies represented in the corporation, and nominated at their instance.

" 2. Persons nominated by a representative of one Masonic body, where the nominee is a member of some other Masonic body, which is also represented.

" 3. Master Masons nominated by individual members, and belonging to Masonic bodies within the commonwealth of Pennsylvania, but not represented in this corporation.

" 4. And any other destitute or afflicted persons in indigent circumstances who may be approved by the board of managers."

The court directed a verdict for plaintiff.

Verdict and judgment for plaintiff for $487.11.    Defendant appealed.

*Error assigned* was the charge of the court.

*Robert H. Hinckley*, for appellant.

*Mayne R. Longstreth*, with him *James Alcorn*, assistant city solicitor, and *John L. Kinsey*, city solicitor, for appellee.

PER CURIAM, April 15 , 1907 :

An examination of the evidence fails to show that the pertinent facts, as they existed in 1894 when the taxes in question were levied, distinguish the case from Philadelphia v. Masonic Home, 160 Pa. 572.    According to the report of that case sec. 2 of the charter and sec. 1 of the by-laws were then in force. The former reads :  " The object of said institution shall be to provide and sustain in the state of Pennsylvania one or more houses for the destitute widows and orphans of deceased Free Masons in the state of Pennsylvania, and an infirmary or infirmaries for the reception and care of sick and afflicted Free Masons in indigent circumstances, and all such as may be placed under its charge by its managers."    The latter reads :  " The Masonic Home shall have for its object :  to provide and maintain a home for indigent, afflicted or aged Free  Masons, and for the destitute widows and orphans of Free Masons in the state of Pennsylvania and for such others as may be placed under its charge." These provisions of the charter and by-laws were quoted in the dissenting opinion of Justice WILLIAMS, and, of course, were directly under consideration when the court decided that the

institution was not exempt from taxation.   Since that time—in 1899—clause 4 of sec. 44 of the by-laws has been added, but it is not shown that this can affect in any way the question of liability for the taxes of 1894.   The court could not have done otherwise than hold that the case was ruled by the case cited.   What effect the new by-law, and the manner of conducting the institution under it, may have upon its liability to taxation since its adoption is a question upon which we are not called upon to pass.

The judgment is affirmed.